IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE FLORES | § | |
| | § | |
| v. | § | C.A. NO. C-07-236 |
| | § | |
| MARC MOORE, ET AL. | § | |

## ORDER DENYING APPOINTMENT OF COUNSEL

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently incarcerated at the McConnell Unit in Beeville, Texas. Proceeding pro se, he filed a habeas petition pursuant to 28 U.S.C. § 2254. (D.E. 1). Pending is his second motion for the appointment of counsel. (D.E. 23).[1]

There is no constitutional right to counsel in federal habeas proceedings. Wright v. West, 505 U.S. 277, 293 (1992) (Constitution "guarantees no right to counsel on habeas"); see also Elizalde v. Dretke, 362 F.3d 323, 329 (5th Cir. 2004) (same); Johnson v. Hargett, 978 F.2d 855, 859 (5th Cir. 1992) (same). Rule 8(c) of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues which mandate an evidentiary hearing. Here, his request for counsel is premature because at this stage in his case there are no factual issues requiring an evidentiary hearing.

Counsel will be assigned sua sponte if there are issues which mandate an evidentiary hearing be held. Moreover, the Court may appoint counsel if discovery is ordered and there are issues necessitating the assignment of counsel. See Rule 6(a) of the Rules Governing § 2254 Cases; Thomas v. Scott, 47 F.3d 713, 715 n.1 (5th Cir. 1995).

---

[1] Petitioner previously filed a motion for appointment of counsel on May 22, 2007. (D.E. 2). That motion was denied without prejudice. (D.E. 6).

It is therefore ORDERED that petitioner's motion for the appointment of counsel, (D.E. 23), be DENIED without prejudice.

ORDERED this 23rd day of October 2007.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE