IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

JOSE HERNANDEZ FLORES,               §
                    Petitioner,      §
                                     §
v.                                   §          C.A. NO. C-07-236
                                     §
MARC MOORE, ET AL.                   §
                    Respondents.     §

## MEMORANDUM AND RECOMMENDATION
## TO GRANT RESPONDENTS' MOTION TO DISMISS

Petitioner is an inmate in the Texas Department of Criminal Justice,

Correctional Institutions Division ("TDCJ-CID") and is currently incarcerated at

the McConnell Unit in Beeville, Texas.  Proceeding pro se, on May 22, 2007, he

filed this habeas corpus petition pursuant to 28 U.S.C. § 2241.  (D.E. 1).  He

asserts that the Bureau of Immigration and Customs Enforcement has unlawfully

failed to deport him contrary to a removal order.  (D.E. 1, at 2).  Pending is

respondents' motion to dismiss for lack of jurisdiction and for judgment on the

pleadings.  (D.E. 22, at 2).  Petitioner has not replied to respondents' motion to

dismiss.[1]  For the following reasons, it is respectfully recommended that

respondents' motion be granted.

---

[1] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no
opposition.  See also Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (affirming
dismissal of habeas corpus petition for failure of petitioner to respond to motion for summary
judgment).

## I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 2241, which provides that jurisdiction is proper where the inmate is confined, or where the conviction was obtained.  Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2002).  Petitioner is incarcerated at the McConnell Unit in Beeville, Texas, and therefore, jurisdiction is proper in this Court.  28 U.S.C. § 124(b)(6).

## II. BACKGROUND

Petitioner is a citizen of El Salvador who has been a permanent resident of the United States since 1990.  (D.E. 22, at 1).  He is currently serving a twenty-five year sentence for aggravated sexual assault of a child.  Id.  On May 22, 2007, petitioner filed this application for a writ of habeas corpus.  (D.E. 1).  He does not complain about his underlying state conviction, but rather challenges his confinement within TDCJ-CID as unlawful because he was ordered removed from the United States in immigration proceedings.  Id. at 2-3.[2]  He also protests the restrictions on line class and limited access to education caused by the pending order and an immigration detainer.  Id. at 2.  Petitioner asks the Court to find that he is deportable and to order Immigration and Customs Enforcement to carry out

---

[2] The first page of Flores's petition is numbered "3."  This document uses the correct pagination.

the removal order.  Id. at 3-4.

On October 4, 2007, respondents filed a motion seeking dismissal for lack of

jurisdiction and judgment on the pleadings pursuant to Rule 12 of the Federal

Rules of Civil Procedure.  (D.E. 22).  They argue that this application is premature

because "the Attorney General is under no obligation to execute the removal order

while the Petitioner is still serving his state sentence."  Id. at 2.  They further argue

that this Court has no jurisdiction to hear a challenge to the removal order itself.

Id.

### III. DISCUSSION

**A.     Standard of Review.**

**1.     Standard of Review for a Rule 12(b)(1) Motion.**

Rule 12(b)(1) of the Federal Rules of Civil Procedure governs challenges to

a court's subject matter jurisdiction.  "A case is properly dismissed for lack of

subject matter jurisdiction [pursuant to Rule 12(b)(1)] when the court lacks the

statutory or constitutional power to adjudicate the case."  Krim v. PCOrder.com,

Inc., 402 F.3d 489, 494 (5th Cir. 2005) (quoting Home Builders Ass'n of Miss.,

Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998)).  "Courts may

dismiss for lack of subject matter jurisdiction on any one of three bases: (1) the

complaint alone; (2) the complaint supplemented by undisputed facts in the record;

or (3) the complaint supplemented by undisputed facts plus the court's resolution

of disputed facts." Clark v. Tarrant County, Tex., 798 F.2d 736, 741 (5th Cir.

1986) (citing Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)).  "A

motion under 12(b)(1) should be granted only if it appears certain that the plaintiff

cannot prove any set of facts in support of his claim that would entitle plaintiff to

relief." Home Builders Ass'n, 143 F.3d at 1010 (citing Benton v. United States,

960 F.2d 19, 21 (5th Cir. 1992)).  The party asserting jurisdiction bears the burden

of proving that jurisdiction exists.  Ramming v. United States, 281 F.3d 158, 161

(5th Cir. 2001) (per curiam).

### 2.      Standard of Review for a Rule 12(c) Motion.

A litigant may move for judgment under Rule 12(c) "[a]fter the pleadings

are closed but within such time as not to delay the trial."  Fed. R. Civ. P. 12(c). The

Fifth Circuit has established that "'[a] motion brought pursuant to Fed. R. Civ. P.

12(c) is designed to dispose of cases where the material facts are not in dispute and

a judgment on the merits can be rendered by looking to the substance of the

pleadings and any judicially noticed facts.'"  Great Plains Trust Co. v. Morgan

Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002) (quoting Hebert

Abstract Co. v. Touchstone Props., Ltd., 914 F.2d 74, 76 (5th Cir. 1990) (per

curiam)).  When analyzing such a claim, "'[p]leadings should be construed

liberally, and judgment on the pleadings is appropriate only if there are no disputed

issues of fact and only questions of law remain.'"  Id. (quoting Hughes v. Tobacco

Inst., Inc., 278 F.3d 417, 420 (5th Cir. 2001)).  A district "court may dismiss a

claim when it is clear that the plaintiff can prove no set of facts in support of his

claim that would entitle him to relief."  Jones v. Greninger, 188 F.3d 322, 324 (5th

Cir. 1999) (per curiam).  Courts must evaluate the complaint in the light most

favorable to the plaintiff and accept all well-pleaded facts as true.  Id.  A Rule

12(c) movant must clearly establish that no material issue of fact remains to be

resolved and that the movant is entitled to judgment as a matter of law.  Greenberg

v. Gen. Mills Fun Group, Inc., 478 F.2d 254, 256 (5th Cir. 1973) (per curiam).

**B.      Petitioner Fails to Show Violation of Any Protected Right.**

Respondents argue that petitioner's claim is premature.  An alien that is

ordered removed from the United States is to be removed by the Attorney General

within a ninety-day period.  8 U.S.C. § 1231(a)(1)(A).  However, when an alien is

incarcerated for reasons unrelated to the immigration process, the ninety-day

removal period does not begin until the alien is released.  8 U.S.C. § 1231(a)(1)(B);

see also Rosales v. Bureau of Immigration & Customs Enforcement, 426 F.3d 733,

738 (5th Cir. 2005) (per curiam) (a petitioner's "removal period does not start until

his state term of incarceration ends").  Furthermore, "the Attorney General may not

remove an alien who is sentenced to imprisonment until the alien is released from

imprisonment.  Parole, supervised release, probation, or possibility of arrest for

5

further imprisonment is not a reason to defer removal."[3]  8 U.S.C. § 1231(a)(4)(A).

Any right petitioner might have to removal under federal law has not yet

materialized.

Equally important, however, is the fact that petitioner has no right to demand

removal.  Federal law explicitly denies deportable aliens any private right of action

"against any official of the United States or of any State to compel the release,

removal, or consideration for release or removal of any alien."  8 U.S.C.

§ 1231(a)(4)(D); see also Martinez-Lopez v. United States, 254 F.3d 70, 2001 WL

502504, at *1 (5th Cir. Apr. 23, 2001) (per curiam) (unpublished) ("Martinez'

assertion that the existence of an order of removal against him requires his

immediate deportation is without merit.  Additionally, section 1231 does not

provide a private right of action to compel the release or removal of an alien.").

Therefore, petitioner can prove no set of facts that would entitle him to immediate

deportation.  Accordingly, it is respectfully recommended that petitioner's claim

for removal be denied.

Petitioner's application could also be construed as a challenge to the INS

removal order itself.  (D.E. 1, at 2) ("The presence of The INS Detainer creates a

---

[3] There is an exception to this general rule: an alien in State custody convicted of a non-violent crime can be removed prior to serving his full sentence if the chief State official determines "removal is appropriate and in the best interest of the State," and "submits a written request to the Attorney General that such alien be so removed."  8 U.S.C. § 1231(a)(4)(B)(ii).  It is respectfully recommended that this exception does not apply to petitioner.

significant hardships....  The petitioner can not go to college vocation [sic] because of his detainer; petitioner can not be a class S-1 TRUSTY STATUS...."); see also (D.E. 23, at 1) ("Petitioner is being denied the full capacity of available programs and schooling for maximum rehabilitative needs, which can ultimately effect [sic] his eligibility for parole requirements.").  In Rosales, the Fifth Circuit explained that Congress "divested federal courts of jurisdiction over § 2241 petitions attacking removal orders" with the passage of the Real ID Act.  426 F.3d at 736.  Thus, it is respectfully recommended that this Court has no jurisdiction over any claim challenging the legality of the INS detainer itself.

## IV.  RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that respondents' motion to dismiss, (D.E.  22), be granted, and that petitioner's habeas petition, (D.E. 1), be dismissed.

Respectfully submitted this 9th day of November 2007.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

7

**NOTICE TO THE PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).